**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4412**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT ALTON HARRIS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:01-cr-00193)

Submitted: February 23, 2007     Decided: March 16, 2007

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Andrew J. Katz, THE KATZ WORKING FAMILIES LAW FIRM, LC, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Alton Harris appeals his eighteen-month sentence imposed by the district court upon the revocation of his supervised release. He claims the sentence was unreasonable considering the circumstances of his crime. Because his sentence is within the statutory maximum and we conclude it is not plainly unreasonable, we affirm.

Harris was convicted of bank fraud and was sentenced to eighteen months of imprisonment followed by five years of supervised release. He began serving his term of supervised release on December 23, 2005. Approximately two months later, Harris's probation officer filed a petition to revoke Harris's supervised release alleging that Harris violated a condition of his supervised release by embezzling money from his employer. The petition also alleged that Harris violated the conditions of release by failing to notify the probation officer of his change in residence and employment.

The court held a revocation hearing and Harris admitted to both violations. Harris acknowledged that he embezzled money on February 2 and on February 5, while he was working at a convenience store. He explained that he was compelled to steal the money because he was homeless and hungry at the time.

As the district court correctly noted, the advisory Guidelines range was six to twelve months based on Harris's Grade

C violations and criminal history category of IV. <u>U.S. Sentencing Guidelines Manual</u> § 7B1.4.  In addition, because Harris's bank fraud conviction was a Class B felony, the maximum sentence on revocation of supervised release was thirty-six months.  <u>See</u> 18 U.S.C. §§ 1344, 3559(a)(3), 3583(e) (2000).

The district court found that Harris's testimony was not credible and his explanation was implausible. Because Harris repeated the conduct for which he was originally convicted, and had only been out of prison on supervised release for just over one month at the time of the violations, the court concluded that a six to twelve month term was insufficient deterrence, and imposed a sentence of eighteen months.  Harris timely appealed.

This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not "plainly unreasonable."  <u>United States v. Crudup</u>, 461 F.3d 433, 437 (4th Cir. 2006).  While the district court must consider the Chapter 7 policy statements and statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583 (2000), the district court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum.  <u>Crudup</u>, 461 F.3d at 439.

Under <u>Crudup</u>, the court must first consider whether the sentence imposed upon the revocation of supervised release falls

within the applicable statutory maximum.  <u>Crudup</u>, 461 F.3d at 440.
If so, the court determines whether the sentence is procedurally or
substantively unreasonable.  A sentence is procedurally reasonable
if the district court considered the advisory Guidelines range and
the § 3553(a) factors that it is permitted to consider in a
supervised release revocation case.  <u>Id.</u>; 18 U.S.C. § 3583(e)
(2000).  Further, a sentence is substantively reasonable if the
district court stated a proper basis for concluding that the
defendant should receive the sentence imposed (up to the statutory
maximum).  <u>Id.</u>

Harris contends, as he did below, that leniency was
appropriate because of the circumstances of his crime.  He also
argues that the term of supervised release imposed is greater than
the sentence he would serve for a misdemeanor petit larceny
conviction.  However, the district court considered Harris's
testimony regarding the circumstances of his violations and
rejected this argument.[*] Applying the analysis of <u>Crudup</u>, Harris's
sentence is within the statutory maximum of thirty-six months.  The
sentence is also procedurally reasonable because the district court
properly considered the advisory Guidelines range and relevant
§ 3553(a) factors.  Finally, the sentence is substantively

---

[*]The court also specifically explained it was imposing a
sentence above the Guidelines range to provide sufficient
deterrence.

- 4 -

reasonable because the court sufficiently identified its bases for imposing the eighteen-month sentence.

For these reasons, we conclude Harris's sentence was not plainly unreasonable, and affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the written materials before the court and argument would not aid the decisional process.

AFFIRMED